Filed 11/10/22  P. v. Agraz CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D080089 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD290546) |
| RICHARD LIAS AGRAZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel, and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

In this appeal from a judgment of conviction, appellant Ricardo Lias Agraz challenges only the sentence the trial court imposed.  Agraz contends the trial court abused its discretion in imposing a middle term sentence of

three years instead of the lower term of two years pursuant to Penal Code[1] section 1170, subdivision (b)(6).

A jury convicted Agraz of robbery (§ 211) and simple assault as a lesser offense of assault with a deadly weapon. The jury found the allegation that Agraz used a knife not true.

The court sentenced Agraz to the middle term of three years in prison for the robbery conviction.

Agraz filed a timely notice of appeal.

Agraz contends the trial court erred in failing to impose the lower term of imprisonment pursuant to section 1170, subdivision (b)(6). We reject Agraz's contention and find the trial court acted well within its authority in rejecting Agraz's arguments and affirm the judgment.

STATEMENT OF FACTS

The facts of the offense are not in dispute. This appeal only addresses the court's sentencing choice. We will utilize Agraz's summary of the facts for convenience.

On June 13, 2021, Felipe G. was working as a loss prevention officer in the bike recovery department for Wheels Lab.

At around 7:30 p.m., Felipe saw Agraz in a Lexus parking lot with a Wheels Lab bike. Felipe received a notification from his boss that someone was pushing an unpaid-for bike. According to Felipe, he asked Agraz for the bike, and Agraz refused to relinquish it. Also, according to Felipe, Agraz tried to fight him, threatened that he would stab him, and had his hands in fists.

---

[1]    All further statutory references are to the Penal Code.

Felipe testified that he ran towards the bike, but his work cell phone fell. According to Felipe, Agraz was two to three feet away from him, when he pointed a pocket folding knife in Felipe's direction.

Felipe ran away and notified his supervisor, Reid H., that Agraz had taken a bike and his cell phone. Reid was able to track the bike with his GPS and knew the bike was being transported on the trolley.

Reid and Felipe met at the San Ysidro trolley station where they saw Agraz with the bike. Agraz dropped the bike and ran away.

Reid ran after Agraz and asked for the cell phone. Agraz denied having Felipe's cell phone. Reid noticed a cell phone in Agraz's pocket, but Agraz said that it was his phone. Reid chased Agraz and told him to return the cell phone. At that point, Felipe called 9-1-1.

Reid continued chasing Agraz to the trolley tracks, where Agraz threw six or seven rocks at Reid. Reid was hit on the shoulder by the rocks.

The police arrived and arrested Agraz.

Agraz did not have a knife, or any other weapon, on him. Agraz had his own smart phone on him; he did not have Felipe's cell phone on him.

After the police left, Reid found Felipe's cell phone wedged between a fence and a bush.

## DISCUSSION

Agraz contends the court erred in selecting the middle term for his sentence. He argues he was suffering from depression when he committed the current offense, and thus, the court failed to properly exercise its discretion under section 1170, subdivision (b)(6).

### A. Legal Principles

When we review a trial court's sentencing choice, we ordinarily apply the abuse of discretion standard of review. (*People v. Sandoval* (2007) 41

Cal.4th 825, 847.) The party challenging the court's decision bears the burden to "clearly" show the court's decision was irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

Section 1170 was recently amended to add subdivision (b)(6), which provides as follows:

> "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:
>
> "(A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.
>
> "(B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense.
>
> "(C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking."

Agraz argues the trial court erred in failing to give appropriate weight to the statutory mitigating factors in this case. Section 1170, subdivision (b)(6) requires courts to impose lower term sentences when at least one of the statutory factors listed in the subdivision contributed to the crime. In this case, however, the court found there was no independent evidence that any of the factors contributed to the commission of this crime. The court explained:

> "THE COURT: All right. Thanks. One of the problems is other than his statement, I don't have any independent facts that this [section] 211 was in any way motivated by drugs. Nobody—I don't remember the officers testifying he was under the influence.

4

"As far as rehabilitation, he's been given opportunities. Just looking at the probation report in 2000 and 2014 he had drug charges. 2015 he had drug charges. And he was placed on probation on these things, violated probation. I just don't see it. I mean, I think it's a mid term case. I can't see any mitigating factors at all in this case that are provable. It's just his talk.

"[DEFENSE COUNSEL]: Well, I would remind the Court that the arresting officers found a meth pipe on Mr. Agraz, that he was begging to keep. He was saying that he didn't want it to be taken. He needs it. There was certainly clear evidence that addiction—that he was lost in his addiction at the time of this incident.

"THE COURT: Okay. Well, just because you have a meth pipe doesn't mean you're addicted. And most important, there's no connection that I saw during the trial between drugs and this [section] 211. It was simply greed stealing the bike or the scooter. Whatever it is."

## B. Analysis

The only "evidence" supporting the application of the statutory factors is in Agraz's statements, which the court found not to be credible. The only claimed "independent" evidence was a police report showing Agraz had a methamphetamine pipe in his possession when he was arrested. The court could reasonably conclude that fact, without anything else, did not prove addiction could have contributed to the crime.

The court discussed the statutory factors at length with counsel. The court clearly understood the subdivision at issue was a limitation on the court's ability to impose a sentence above the lower term. The record demonstrates the court was fully aware of section 1170, subdivision (b)(6) and carefully evaluated the evidence in applying the new statutory requirements.

Agraz has not met his burden to show an abuse of discretion. A rational judge could conclude in this case that there was no evidence to

5

support the application of the section 1170, subdivision (b)(6) limitations on the court's sentencing discretion.  The court acted well within its discretion in rejecting defense arguments and selecting the middle term for the proper sentence.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DO, J.